# United States District Court
## Eastern District of California

UNITED STATES OF AMERICA
v.
**KAREN JEAN FREYLING**

**SECOND AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number:  **1:08CR00384-001**

**Date of Original Judgment: May 17, 2012**
(Or Date of Last Amended Judgment)

Carolyn Wiggin
Defendant's Attorney

## Reason for Amendment:

[✔] Correction of Sentence on Remand (Fed R. Crim. P. 35(a))

[ ] Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

[ ] Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))

[ ] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

[ ] Modification of Supervision Conditions (18 U.S.C. §3563(c) or 3583(e))

[ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C.§3582(c)(1))

[ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C.§3582(c)(2))

[ ] Direct Motion to District Court Pursuant to [ ] 28 U.S.C. §2255
    [ ] 18 U.S.C. §3559(c)(7),  [ ] Modification of Restitution Order

## THE DEFENDANT:

[ ]    pleaded guilty to count(s): __.

[ ]    pleaded nolo contendere to counts(s) ___ which was accepted by the court.

[✔]    was found guilty on counts 1 through 15 of the Superseding Indictment  after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| SEE NEXT PAGE | | | |

The defendant is sentenced as provided in pages 2 through  21  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[✔]    The defendant has been found not guilty on count  18 of the Superseding Indictment  and is discharged as to such count(s).

[ ]    Count(s) ___ (is)(are) dismissed on the motion of the United States.

[ ]    Indictment is to be dismissed by District Court on motion of the United States.

[✔]    Appeal rights given.        [ ]    Appeal rights waived.

    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 19, 2012
Date of Imposition of Judgment

/s/ Lawrence J. O'Neill
Signature of Judicial Officer

**LAWRENCE J. O'NEILL**, United States District Judge
Name & Title of Judicial Officer

March 29, 2012
Date

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 371 | Conspiracy (CLASS D FELONY) | 2006 -10/8/2008 | 1 |
| 18 USC 1341 and 2 | Mail Fraud and Aiding and Abetting (CLASS C FELONY) | Count 2  05/05/2008<br>Count 3  05/13/2008<br>Count 4  06/06/2008<br>Count 5  08/14/2008<br>Count 6  08/16/2008<br>Count 7  09/22/2008 | 2-7 |
| 18 USC 1343 and 2 | Wire Fraud and Aiding and Abetting (CLASS C FELONY) | Count 8  08/13/2008<br>Count 9  04/16/2008<br>Count 10 07/28/2008 | 8- 10 |
| 18 USC 2318 | Trafficking in Counterfeit Labels, Illicit Labels and Counterfeit Documentation and Packaging (CLASS D FELONY) | 3/24/2008 - 10/8/2008 | 11 |
| 18 USC 542 and 2 | Entry of Goods by Means of False Statement and Aiding and Abetting (CLASS C FELONY) | 8/2008 - 9/2008 | 12 |
| 18 USC 542 and 2 | Smuggling Goods into the United States and Aiding and Abetting (CLASS C FELONY) | 8/2008  - 10/8/2008 | 13 |
| 42 USC 408 | Social Security Fraud (CLASS D FELONY) | 1990's  - 10/2008 | 14 |
| 18 USC 1001(a)(2) | False Statements (CLASS D FELONY) | 9/19/2008 | 15 |

CASE NUMBER:     1:08CR00384-001                                    Judgment - Page 3 of 21
DEFENDANT:       KAREN JEAN FREYLING

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 73 months on each Counts 2 through 10 and 13; also 60 months on Counts 1, 11, 14 and 15; 24 months on Count 12, all to be served concurrently, for a total term of 73 months.


[✔]     The court makes the following recommendations to the Bureau of Prisons:
        The Court recommends that the defendant be incarcerated in a California facility, but only insofar as this accords
        with security classification and space availability.


[✔]     The defendant is remanded to the custody of the United States Marshal.


[ ]     The defendant shall surrender to the United States Marshal for this district.
        [ ] at ___ on ___.
        [ ] as notified by the United States Marshal.


[ ]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        [ ] before _ on ___.
        [ ] as notified by the United States Marshal.
        [ ] as notified by the Probation or Pretrial Services Officer.
        If no such institution has been designated, to the United States Marshal for this district.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

        Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


                                                        _____
                                                        UNITED STATES MARSHAL


                                                By      _____
                                                        Deputy U.S. Marshal

CASE NUMBER:        1:08CR00384-001
DEFENDANT:          KAREN JEAN FREYLING

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 36 months on Counts 1 through 11 and 13 through 15, and 12 months on Count 12, to be served concurrently, for a total term of 36 months.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[✔ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

[✔]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.  (Check, if applicable.)

[✔]    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

[ ]    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.), as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  (Check, if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without permission of the court or probation officer;
2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3)    the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)    the defendant shall support his or her dependants and meet other family responsibilities;
5)    the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)    the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7)    the defendant shall refrain from excessive use of alcohol;
8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

1.  The defendant shall submit to the search of her person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2.  The defendant shall not dispose of or otherwise dissipate any of her assets until the fine and/or restitution order by this Judgment is paid in full, unless the defendant obtains approval of the Court or the probation officer.

3.  The defendant shall provide the probation officer with access to any requested financial information.

4.  The defendant shall not open additional lines of credit without the approval of the probation officer.

5.  As directed by the probation officer, the defendant shall participate in a program of outpatient mental health treatment.

6.  As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

7.  The defendant shall consent to the probation officer and/or probation service representative conducting periodic unannounced examinations of (a) any computer, or (b) computer-related device, or (c) equipment that has an internal or external modem which is in the possession or control of the defendant.  The defendant consents to retrieval  and copying of all data from any such computer, computer-related device, or equipment as well as any internal or external peripherals to ensure compliance with conditions. The defendant consents to removal of such computer, computer-related device, and equipment for purposes of conducting a more thorough inspection; and analysis.

    The defendant consents to having installed on any computer, computer-related device, and equipment, at the defendant's expense, any hardware or software systems to monitor the use of such computer, computer-related device, and equipment at the direction of the probation officer, and agrees not to tamper with such hardware or software and not install or use any software programs designed to hide, alter, or delete his/her computer activities.  The defendant consents to not installing new hardware without the prior approval of the probation officer.

8.  The defendant shall provide all requested business/personal phone records to the probation officer.  The defendant shall disclose to the probation officer any existing contracts with telephone line/cable service providers.  The defendant shall provide the probation officer with written authorization to request a record of all outgoing or incoming phone calls from any service provider.

CASE NUMBER:        1:08CR00384-001                                            Judgment - Page 6  of  21
DEFENDANT:          KAREN JEAN FREYLING

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|         | Assessment | Fine | Restitution |
|---------|------------|------|-------------|
| Totals: | $1500      | $    | $297,290.92 |

[ ]   The determination of restitution is deferred until __ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ]   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| Social Security Administration<br>Attn: Court Refund<br>P.O. Box 2861<br>Philadelphia PA 19122 | | $137,555.92 | |
| Motion Picture Assoc.<br>15301 Ventura Blvd. Bldg. E<br>Sherman Oaks, CA 91403 | | $2,135 | |
| Copyright Holders<br>c/o Motion Picture Assoc.<br>15301 Ventura Blvd. Bldg. E<br>Sherman Oaks, CA 91403 | | $125,000 | |
| Customer list attached | | $32,600 | |
| TOTALS: | $ __ | $297.290.92 | |

[]   Restitution amount ordered pursuant to plea agreement $ __

[ ]   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]      The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[X ]   The interest requirement is waived for the      [ ] fine        [X ] restitution

[ ]   The interest requirement for the        [ ] fine [ ] restitution is modified as follows:

[ ]   If incarcerated, payment of the fine is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

[✔] If incarcerated, payment of restitution is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

CASE NUMBER:          1:08CR00384-001
DEFENDANT:            KAREN JEAN FREYLING

  ** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

CASE NUMBER:      1:08CR00384-001                                        Judgment - Page 8  of  21
DEFENDANT:        KAREN JEAN FREYLING

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

**A**  [✔]          Lump sum payment of $ <u>298,790.92</u> due immediately, balance due

   [ ]          not later than __ , or
   [ ]          in accordance with        [ ] C,    [ ] D,   [ ] E, or          [ ] F below; or

**B**  [ ] Payment to begin immediately (may be combined with    [ ] C,    [ ] D, or [ ] F below); or

**C**  [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years),
        to commence __ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years),
        to commence __ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  [ ] Payment during the term of supervised release will commence within ___ (e.g., 30 or 60 days) after release from
        imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that
        time; or

**F**  [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary
penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal
Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[X]  Joint and Several

       1:08-CR-00384-002    Steven W. Butts   $125,000 imposed jointly and severly

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall pay the following court cost(s):

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

| NAME | ADDRESS | PHONE NUMBER | AMOUNT OF RESTITUTION |
|---|---|---|---|
| Aimee Bailey | | | $21.00 |
| Nick Bair | | | $201.37 |
| Michelle Bennett | | | $2.66 |
| Carol Bills | | | $41.76 |
| Melissa Biter | | | $7.00 |
| Linda Blow | | | $56.59 |
| Caitlin Clark | | | $13.33 |
| Laurie Cleveland | | | $5.36 |
| Norma Cook | | | $112.86 |
| Rebecca Joyner Cox | | | $37.62 |
| Christina Delosh | | | $14.00 |
| Kimberly Dixon | | | $140.78 |
| Sheila Edney | | | $19.96 |
| Tim Ellefson (Video Storm) | | | $583.72 |
| Gary Fischer | | | $93.21 |
| Shannyn Galmines | | | $53.33 |

CASE NUMBER:        1:08CR00384-001                                    Judgment - Page 10 of 21
DEFENDANT:          KAREN JEAN FREYLING

| | | |
|---|---|---|
| Candy Garcia | | $33.33 |
| Hamed Ghani | | $122.66 |
| Laurel Hickenbotham | | $25.00 |
| Hilton Hoyt | | $13.31 |
| Anny Kim | | $20.00 |
| Chandra Kosmicki | | $15.64 |
| Tina Lavigne | | $166.66 |
| Jamie Leese | | $52.61 |
| Tana Leibrano | | $233.33 |
| Calah Lopez | | $154.34 |
| Tammie MacAlexy | | $10.63 |
| Yvonne Miles | | $2.33 |
| Renee Miller | | $3.66 |
| Tiffany Peery | | $10.00 |
| Robert Pierson | | $33.33 |
| William Pratt | | $12.31 |

CASE NUMBER:     1:08CR00384-001                                                  Judgment - Page 11 of 21
DEFENDANT:         KAREN JEAN FREYLING

| | | |
|---|---|---|
| Mary Peabody | | $20.96 |
| Belinda Richrow | | $6.99 |
| Larry Sailing | | $78.21 |
| Mary Scrimpshire | | $26.86 |
| Jaqueline Sorich | | $26.66 |
| Judy Spencer | | $133.33 |
| Karen Spicer | | $5.00 |
| Uline Shipping Suppliers | | $348.47 |
| Tabeal Uzziel | | $66.66 |
| Dina Wheeler | | $48.93 |
| Heidi Anderson | | $25.00 |
| Sharon Argueta | | $13.98 |
| Lacey Arreola | | $10.65 |
| Geneva Ashworth | | $25.95 |
| Dan Austin | | $50.00 |
| Beth Bailey | | $8.32 |
| Victoria Bakke | | $20.97 |

| | | |
|---|---|---|
| Cherie Ball | | $7.98 |
| P.A. Bass | | $353.33 |
| Stephanie Batenhorst | | $14.00 |
| Bonnie Bowman | | $9.32 |
| Toni Bramall | | $15.66 |
| Mandy Brannam | | $9.32 |
| Courtney Bruner | | $60.87 |
| George Campros | | $6.65 |
| Taylor Cardon | | $3.61 |
| Jana Carpenter | | $23.30 |
| Anita Carter | | $10.90 |
| Alex Cerda | | $42.27 |
| Maria Chavez | | $13.98 |
| Lynn Christiansen | | $16.97 |
| Priscilla Christian | | $11.66 |
| William Churchill | | $5.00 |

CASE NUMBER:          1:08CR00384-001                                    Judgment - Page 13  of  21
DEFENDANT:            KAREN JEAN FREYLING

| | | |
|---|---|---|
| Yvette Ciancio | | $6.65 |
| Kathryn Cirgolo | | $10.65 |
| Julie Clark | | $251.06 |
| Kimberly Clear | | $12.00 |
| Louise Coley | | $9.32 |
| Kristin Connolly | | $9.32 |
| Jared Cordon | | $20.00 |
| Elizabeth Cullen | | $9.32 |
| Cheryl Cussen | | $5.32 |
| Candy Dalton | | $5.00 |
| Jolene Dankemeyer | | $12.31 |
| Michele Darling | | $10.32 |
| Lori Dillon | | $71.33 |
| Lester Dixon | | $28.33 |
| Jessica Drew | | $37.28 |
| Lauie Drucker | | $2.33 |
| Leshell Duncan | | $13.32 |

CASE NUMBER:         1:08CR00384-001
DEFENDANT:           KAREN JEAN FREYLING

| | | |
|---|---|---|
| Norman Duncan | | $6.00 |
| Andrea Eikard | | $8.33 |
| Cyndi Evans | | $25.00 |
| Karen Evans | | $95.86 |
| Ann Faulk | | $47.94 |
| Kim Ferre | | $6.99 |
| Randy Ferrell | | $19.31 |
| Evangeline Ferrera | | $32.61 |
| Kathy Fitzpatrick | | $10.98 |
| Aimee Fontenot | | $7.00 |
| Freya Friedman | | $18.64 |
| Leisa Garcia | | $69.53 |
| Jill Geary | | $11.98 |
| Melanie Gomez | | $26.66 |
| Kelsey Granberg | | $46.60 |
| John Green | | $27.96 |
| Jessie Green | | $27.96 |

CASE NUMBER:        1:08CR00384-001
DEFENDANT:          KAREN JEAN FREYLING

| | | |
|---|---|---|
| Crystal Halida | | $2.66 |
| Jack Halley | | $30.00 |
| Julie Hammond | | $50.66 |
| Sara Harmon | | $42.66 |
| Linda Harper | | $13.97 |
| Rob Harris | | $8.33 |
| Jerlyn Haslam | | $9.33 |
| Charlie Hatley | | $4.00 |
| Jenny Heddens | | $3.33 |
| Patricia Henderson | | $13.64 |
| Steffanie Holdstock | | $105.00 |
| Cortney Holmes | | $7.65 |
| William Hyde | | $2.66 |
| Shaban Ibrahin | | $7.33 |
| Karen James | | $33.29 |
| Briana Jansing | | $50.59 |

CASE NUMBER:    1:08CR00384-001               Judgment - Page 16 of 21
DEFENDANT:      KAREN JEAN FREYLING

| | | |
|---|---|---|
| Lori Jenkins | | $30.29 |
| Nona Johnson | | $121.82 |
| Anna Marie Kempf | | $30.00 |
| Diane Klein | | $23.96 |
| Thomas Kocinski | | $177.00 |
| Jodi Krysley | | $14.98 |
| Kelly Larsen | | $16.31 |
| Lissette Ledec | | $18.30 |
| Megan Lee | | $1.99 |
| Steve Lehto | | $2.66 |
| Chevalier Levasa | | $33.33 |
| Karen Lindner | | $4.00 |
| Robyn Luff | | $6.32 |
| Colleen Lukenich | | $8.00 |
| Anabet Lussier | | $11.65 |
| Doris Luther | | $14.31 |

DEFENDANT:         KAREN JEAN FREYLING

| | | |
|---|---|---|
| Theresa MacArthur | | $24.30 |
| Sheila Maddux | | $40.27 |
| Pedro Madera | | $10.63 |
| Meghan McBennett | | $12.00 |
| Ryan McDowell | | $15.31 |
| Janice McEver | | $12.00 |
| Jolene McGinnity | | $94.19 |
| Joyce McHugh | | $185.73 |
| Marilyn McLaughlin | | $27.65 |
| Joseph McPhail | | $89.19 |
| Rebecca Mercado | | $40.27 |
| Della Michie | | $28.62 |
| Sandra Miller | | $13.31 |
| Jessika Morgan | | $2.33 |
| William Morsett | | $16.30 |
| Katherine Muir | | $23.30 |
| Quynh Nguyen | | $6.66 |

CASE NUMBER:        1:08CR00384-001                                    Judgment - Page 18  of  21
DEFENDANT:          KAREN JEAN FREYLING

| | | |
|---|---|---|
| Marianna Novielli | | $3.99 |
| Alexandra Olmstead | | $20.97 |
| Elizabeth Osganian | | $21.30 |
| Ed Pereira | | $17.00 |
| Sheila Peterman | | $37.28 |
| Anton Plashler | | $13.33 |
| Kathryn Polston | | $149.12 |
| Vernon Pressley | | $61.23 |
| William Quinn | | $20.97 |
| Todd Quigley | | $12.33 |
| Bill Rasmussen | | $5.31 |
| George Reed | | $13.31 |
| Patricia Reuter | | $38.66 |
| Rosa Rivera | | $26.66 |
| Michelle Roberts | | $18.64 |
| Thelma Rodriguez | | $22.64 |

CASE NUMBER:      1:08CR00384-001                                    Judgment - Page 19 of 21
DEFENDANT:        KAREN JEAN FREYLING

| | | |
|---|---|---|
| Cynthia Ruse | | $11.66 |
| Derek Ryan | | $19.64 |
| Ronda Salter | | $13.97 |
| Javra Sanchez | | $12.65 |
| Misty Sanchez | | $8.82 |
| Nitzavelisse Santos | | $11.65 |
| Brandon Schimmer | | $10.65 |
| Terrence Schull | | $8.32 |
| Jackie Schultz | | $8.32 |
| Krysta Schwartz | | $4.66 |
| Rebecca Schworm | | $33.33 |
| Cheryl Sharum | | $47.27 |
| David Shippee | | $18.30 |
| Sheila Silver | | $9.99 |
| Angela Snell | | $5.33 |
| Kelli Sprinkel | | $20.28 |
| Kelly Steimel | | $8.65 |

| | | |
|---|---|---|
| Karen Strain | | $34.27 |
| W.J. Sumner | | $6.00 |
| Anngi Suseno | | $11.09 |
| Erik Swanson | | $8.98 |
| Chandra Tackney | | $20.00 |
| Helen Tanner | | $24.98 |
| Randal Taylor | | $13.33 |
| Iris Thompson-el | | $11.65 |
| Pama Tucker | | $39.93 |
| Wanda Urbina | | $10.98 |
| Jennifer Vetter | | $13.32 |
| Kristin Villasuso | | $1.66 |
| Gabriela Vidal | | $4.66 |
| Tuyen Vo | | $9.98 |
| Debra Wallace | | $4.66 |
| Gary Weddleton | | $40.00 |
| Bethany Wilk | | $75.00 |

CASE NUMBER:      1:08CR00384-001
DEFENDANT:      KAREN JEAN FREYLING

| | | |
|---|---|---|
| Brenda White | | $27.63 |
| Marlanda Williams | | $12.31 |
| Kyle Wilson | | $160.00 |
| Sandy Wilson | | $77.23 |
| Karen Younggreen | | $11.65 |
| Motion Picture Association | | $2,135.00 |
| Copyright Holders | | $125,000.00 |
| Social Security Administration | | $137,555.92 |