IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 08-0384 LJO |
| Plaintiff, | **ORDER TO DENY RELIEF** |
| vs. | (Docs. 265.) |
| KAREN JEAN FREYLING, | |
| Defendant. | |
| _____ / | |

**BACKGROUND**

Defendant Karen Jean Freyling ("defendant") is a federal inmate, proceeds pro se, and filed January 16, 2013 papers ("January 16 papers") to seek relief arising from her conviction for fraud, smuggling and other offenses related to sales of unauthorized DVDs over the internet as well as Social Security fraud. After remand from the Ninth Circuit Court of Appeals, defendant was sentenced to 73 months imprisonment, and a second amended judgment was entered on March 30, 2012.

On August 24, 2012, defendant filed papers seeking 28 U.S.C. § 2255 ("section 2255") and related relief. This Court's August 31, 2012 order ("August 31 order") denied defendant relief, and defendant proceeds on appeal of the August 31 order.

Defendant's January 16 papers claim to seek a new trial and to "vacate Petitioner's amended judgment in the interest of fair proceedings and justice."

1

# DISCUSSION

## Divested Jurisdiction

In the Ninth Circuit, the "filing of a notice of appeal divests the district court of jurisdiction." *Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 772 (9th Cir. 1986). "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Powell*, 24 F.3d 28, 31 (9th Cir. 1994). A "district court is divested of jurisdiction once a notice of appeal has been filed from the original sentence." *United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993); *see Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (per curiam) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.")

Defendant proceeds on appeal of the August 31 order and has divested this Court's jurisdiction. Defendant fails to demonstrate this Court's jurisdiction to act on her requested relief. Moreover, defendant claims relief under F.R.Crim.P. 33, but it provides that "[i]f an appeal is pending, the court may not grant a motion for new trial until the appellate court remands the case." F.R.Crim.P. 33(b)(1). The absence of remand from the Ninth Circuit further prevents this Court to grant defendant's requested relief.

## Successive Motions

Although defendants' papers reference a new trial under F.R.Crim.P. 33, they are subject to construction as a section 2255 given the papers' noting section 2255 and requesting "that the Court vacate Petitioner's amended judgment."

Prior to filing her January 16 papers, defendant filed a section 2255 motion which was denied by the August 31 order now appealed by defendant.

Section 2255(h) limits filing successive section 2255 motions and provides:

> A second or successive motion must be certified as provided in section 2244 by panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2244 ("section 2244") mandates an applicant to "move in the appropriate court of appeals for an order authorizing the district court" to consider a second or successive application. 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(4) requires a district court to dismiss "any claim presented in a second or successive application . . . unless the applicant shows that the claim satisfies the requirements of this section." *See Felker v. Turpin*, 518 U.S. 651, 657 (1996) (section 2244(b)(3) acts as a "gatekeeping" mechanism for the consideration of second or successive applications in the district court thus, a petitioner must receive certification from the Court of Appeals prior to filing a second or successive habeas petition in the district court); *United States v. Reyes*, 358 F.3d 1095, 1097 (9th Cir. 2004) (per curiam) ("A second or successive motion is allowed under 28 U.S.C. § 2255, subject to certification pursuant to 28 U.S.C. § 2244[.]").

Nothing suggests that defendant has obtained requisite section 2244 certification. This Court lacks jurisdiction to consider the January 16 papers to the extent that they seek section 2255 relief. *See Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1029-30 (C.D. Cal. 2003) (holding that the court lacked jurisdiction to consider petitioner's second habeas petition because petitioner failed to obtain authorization from the Ninth Circuit). Section 2244(b) further supports denial of relief requested by the January 16 papers.

## Certificate Of Appealability

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the

correctness to deny defendant collateral relief or relief requested by the January 16 papers. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction. A COA is improper.

**CONCLUSION AND ORDER**

This Court has reviewed the record, and it fails to raise a legitimate challenge to defendant's conviction or sentence. The January 16 papers fail to substantiate requested relief. *See Crain v. Commissioner*, 737 F.2d 1417, 1417 (5th Cir. 1984) ("We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit.") This Court has issued its final decision on the matters subject to the January 16 papers and will entertain no further filings by defendant. Moreover, given this Court's heaviest caseload in the nation, this Court is unable to revisit decided matters at the expense of other actions and litigants. For the reasons discussed above, this Court DENIES defendant relief requested by the January 16 papers.

IT IS SO ORDERED.

Dated: **January 18, 2013**     /s/ **Lawrence J. O'Neill**
                              UNITED STATES DISTRICT JUDGE